## ALBERT COOK v. DARLING & THAYER.

All negotiable promissory notes, whether payable at bank or not, are entitled to grace, unless there be a local usage, which may be presumed to enter into the contract, to the contrary; and the burthen of proving such usage is upon the party who sets it up.

THIS was an action against the endorsers of a promissory note made by George Darling, dated May 17th, 1851, payable four months after date to the defendants and by them endorsed to the plaintiff. The defence was a want of proper presentment to the maker.

The notice of the maturity of the note was left at the store of Darling & Thayer, at Woonsocket, on the 20th

of September, 1851, by the cashier of the Bank where it had been left for collection. The cashier testified that he had been in the habit of leaving notice of the maturity of notes of this description at the store of the defendants, and that such notes had always been attended to, though those notes differed from this by being made payable at Bank: that he had always supposed the store of the defendants was the place of business of the maker, and that he was in their employ: that he had the note with him when he left the notice, and one of the defendants said " there was something wrong in the note, and it would have to take its course." It appeared from the testimony of other witnesses that they supposed the store of the defendants was the place of business of the maker of the note, and that he had in some instances referred men having business to transact with him to said store as a place of meeting. The maker himself testified that his place of business was in Ann Street, Boston ; that he had no office nor place of business in Woonsocket; that his residence was in Smithfield, where he was most frequently to be found, when in the State ; that he had sold goods for Darling & Thayer, and for other firms in Woonsocket, but did not consider himself in their employ.

Another point taken in the defence was, that the note not being payable at Bank, was not entitled to grace, and should have been presented on the 17th of September, instead of the 20th.

The jury trial was waived, and the case submitted to the Court.

*Steere,* for the plaintiff, contended, that, though the note was not payable at Bank, it was entitled to grace by the common commercial law of the land, citing Story on

Notes, § 215; Smith's Mercantile Law, pp. 289-301; 6 Wheat. 102; 6 Wheat. 581; and that if it was claimed that a particular note was not entitled to grace, it was incumbent on the defendants to show a usage to that effect.

*Robinson*, for the defendants, cited *Jones* v. *Fales*, (4 Mass. 245.)

BRAYTON, J. delivered the opinion of the Court.

In this case two objections were raised to the recovery by the plaintiff. The first was, that the place of presentment was not the place of business of the maker, so far forth at least as to bind the endorsers. We think the evidence sufficiently establishes the fact that the store of the endorsers was a place of business of the maker; that he had no office; that it was the place to which he referred individuals upon business to be transacted with him; and if it were doubtful upon the other evidence, the conduct of the defendants when the note was presented, in assuming to answer for the maker, that the note would not be paid, may be deemed an admission on their part that the place was that at which it might properly be presented for payment.

The note was dated May 17th, 1851, for $500, signed by George Darling, and payable to the defendants four months after date, and by them endorsed to the plaintiff. The note was presented for payment, at the store of the defendants, as the place of business of the maker, on the 20th of September.

The second objection interposed to a recovery in this case was, that the note should have been presented for payment on the 17th of September, or at the expiration

of the time limited for payment on its face, and not the
third day after; in other words, that such note is not en-
titled to grace ; and the counsel for the defendants, under-
takes to distinguish between promissory notes payable at
Bank and notes payable elsewhere.

It may be sufficient to say, that we find *no such dis-*
tinction either in the text books or in the reported cases.

Reference has been made to the decisions in the Courts
of Massachusetts, and to doubts expressed by them upon
this subject.    Upon examination of these cases it appears
that in *Jones* v. *Fales*, (4 Mass. 245,) the Court decided
that promissory notes were not entitled to grace unless
so made payable expressly, and the reason given is, that
the Statute 3 Anne, C. 9 had never been introduced, and
there had been no general commercial usage to warrant
it.    Since then the subject has been regulated in that
State by express statute provisions, and neither the prac-
tice, nor usage, nor decisions of their Court can be appli-
cable.

In the case of *Brown* v. *Harnden*, (4 T. R. 148,) the
question was raised, whether negotiable promissory notes
were or not entitled to grace, and it was held that they
were.    And the Court say, that though foreign bills of
exchange had always been held to be entitled to grace, it
had at the same time been doubted whether inland bills
were governed by the same rule, but that that question
had been settled for fifty years ; that the Statute 3 Anne,
C. 9, making promissory notes negotiable, was intended,
and the effect of it was, to put negotiable promissory
notes universally and in all respects upon the same foot-
ing as inland bills of exchange, according to the custom
of merchants ; and accordingly the practice had conformed
to the law allowing grace on such notes.

The provision of the Statute of Anne seems not to have been introduced here until comparatively a late period, making promissory notes negotiable so as to give them a commercial character. The provision of that statute was, however, substantially enacted in 1798, and, by force of it, promissory notes were put upon the same footing in all respects as by the custom of merchants bills of exchange were. (Dig. of 1844, p. 287.)

No distinction is made as to the origin of such notes, whether made by or payable to merchants as such, or whether payable at Bank, at a mercantile house, or elsewhere, any more than such distinction would be made as to a bill of exchange. The statute, by making it thus negotiable, gives it a commercial character.

In *The Bank of Washington* v. *Triplett*, (1 Pet. 31,) the Court say that " the allowance of days of grace is a usage which pervades the whole commercial world. It is now universally understood to enter into every bill or note of mercantile character, and to form so completely a part of the contract, that the bill does not become due in fact on the day mentioned on its face, but on the last day of grace.

In *Savings Bank* v. *Bates*, (8 Conn. 511,) the Court say it is too well settled to admit of dispute, that in regard to negotiable notes the days of grace make part of the original contract.

It is equally well settled, that the term of grace is three days. And so universal is this rule now understood to be throughout the United States, and as applicable to promissory notes as well as to bills, that it was held in *Wood et al* v. *Corl*, (4 Met. 203,) that it was to be presumed to be the law of every State in the Union until the contrary appeared ; and Chief Justice Shaw, in de-

Cook *v.* Darling & Thayer.

livering the opinion of the Court in that case, says, " We consider it well settled, that by the general law merchant, which is part of the common law as prevailing throughout the United States, in the absence of all proof of particular contract or special custom, three days grace are allowed on bills of exchange and promissory notes, and where it is relied upon that by special custom no grace is allowed, or any other term of grace than the three days, it is an exception to the general rule, and proof lies on the party taking it." Story on Promissory Notes lays down the same rule, and in the same terms as it is stated as to bills of exchange, and puts both upon the same footing in this respect.

But under our Statute it is only necessary to inquire whether a bill of exchange, payable as this note is, would be entitled to grace. This the counsel does not question, and there is no reason to question that by the general law merchant it is. The Statute having made promissory notes payable to order, or bearer, subject to that law universally, there is no ground for holding that such note is not entitled to grace.

If there be any local usage or custom with reference to which the bill or note is made, and which may be presumed to enter into and make part of the contract, it is open to proof by the party setting it up, as was done in the 1 Peters, 81, but it must be shown, and that equally, whether payable at Bank or elsewhere.

*Judgment for the plaintiff for the amount of the note.*